UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DAVID ANDREW DIEHL,

          Plaintiff,

v.                                  Case No. 3:21-cv-359-MMH-PDB

JAKE BAILEY, et al.,

          Defendants.

_____

**ORDER**

Plaintiff David Diehl, an inmate of the Federal penal system, initiated this action on April 1, 2021, by filing a pro se Civil Rights Complaint (Complaint; Doc. 1) under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), with attached memorandum (Memorandum; Doc. 1-1). Diehl names Sean Mullen, Scott Jensen, and Jake Bailey as Defendants. Diehl asserts that Defendants violated his Fourth and Fifth Amendment rights during their criminal investigation of Diehl. As relief, Diehl requests compensatory and punitive damages.

The Prison Litigation Reform Act requires the Court to dismiss this case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §

1915(e)(2)(B)(i)-(iii). "A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing Battle v. Central State Hosp., 898 F.2d 126, 129 (11th Cir. 1990)). A complaint filed in forma pauperis which fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Section 1915(e)(2)(B)(i) dismissals should only be ordered when the legal theories are "indisputably meritless," id. at 327, or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). "Frivolous claims include claims 'describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" Bilal, 251 F.3d at 1349 (quoting Neitzke, 490 U.S. at 328). Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success. Id.

The Court must read a plaintiff's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972). To state a Bivens claim, a plaintiff must allege that (1) a federal official acting under the color of federal law (2) deprived him of a right secured by the United States Constitution. Powell v. Lennon, 914 F.2d 1459, 1463 (11th Cir. 1990). Moreover, the Eleventh Circuit "requires proof of an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation." Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986). In the absence of a federal constitutional

deprivation or violation of a federal right, a plaintiff cannot sustain a cause of action against the defendant. More than conclusory and vague allegations are required to state a cause of action under 42 U.S.C. § 1983. See L.S.T., Inc., v. Crow, 49 F.3d 679, 684 (11th Cir. 1995) (per curiam); Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984). As such, "'conclusory allegations, unwarranted deductions of facts, or legal conclusions masquerading as facts will not prevent dismissal.'" Rehberger v. Henry Cty., Ga., 577 F. App'x 937, 938 (11th Cir. 2014) (per curiam) (citation omitted). In the absence of well-pled facts suggesting a federal constitutional deprivation or violation of a federal right, Diehl cannot sustain a cause of action against the Defendants.

In the Complaint, Diehl alleges that in 2010, Defendants illegally seized his computer hard drives in violation of a magistrate judge's ruling denying a search warrant, which they then used to "manipulate federal jurisdiction." Memorandum at 1. Although Defendants' conduct occurred in 2010, Diehl maintains that the injury did not actually accrue until September 11, 2020, after the Fifth Circuit upheld his conviction and sentence. Id. at 13-16.

Upon review, the Court finds Diehl's claims are barred by the statute of limitations, which is four years in Florida. The statute of limitations period begins to run on a Bivens claim when a plaintiff knows or has reason to know "(1) that they have suffered the injury that forms the basis of their complaint and (2) who has inflicted the injury." Chappell v. Rich, 340 F.3d 1279, 1283

3

(11th Cir. 2003); <u>Brown v. Georgia Bd. of Pardons & Paroles</u>, 335 F.3d 1259, 1261 (11th Cir. 2003) (holding that the limitations period begins to run "from the date the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights"). Diehl's allegations detail that he knew he suffered the alleged injury and knew who inflicted the alleged injury during pre-trial proceedings as he alleges that "[a]t pretrial, Judge Yeakel postponed judgment on the Fourth Amendment violation for unexplained reasons." Memorandum at 9. Likewise, Diehl states that he raised these issues post-trial and in a federal habeas petition pursuant to 42 U.S.C. 2255. <u>Id.</u> at 10. Diehl also asserts that he has been trying to raise this issue for ten years. <u>Id.</u> Contrary to Diehl's assertion otherwise, the injury accrued when he became aware of the Fourth and Fifth Amendment violations, not when the Eleventh Circuit affirmed his conviction. <u>See</u> <u>Villalona v. Holiday Inn Express & Suites</u>, 824 F. App'x 942, 946 (11th Cir. 2020) (finding "the district court correctly concluded that Villalona's cause of action predicated on the entrance and search of his hotel room by law enforcement officers was untimely" because "Villalona's cause of action accrued on September 22, 2011, when he became aware of the entry and search."). As such, because Diehl asserts he has been aware of Defendants' alleged constitutional violations for ten years, this action is barred by the statute of limitations.

In light of the above, it is

4

**ORDERED** that**:**

1.      This case is hereby **DISMISSED WITH PREJUDICE**.

2.      The Clerk of Court shall enter judgment dismissing this case with prejudice, terminating any pending motions, and closing the case.

      **DONE AND ORDERED** at Jacksonville, Florida, this 12th day of April, 2021.


**MARCIA MORALES HOWARD**
United States District Judge




Jax-8

c:  David Diehl #53214018